# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 14-0288-WS |
| | ) | |
| CLINTON CRABTREE and | ) | |
| JESSICA SHARON HOWARD, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

By previous order, the Court granted the defendants' motions to suppress. (Doc. 29). The government has now filed a motion for reconsideration. (Doc. 32). Defendant Crabtree has filed a response and the government a reply, (Docs. 39, 40).[1] After careful consideration, the Court concludes that the motion for reconsideration, to the extent it is ripe for resolution, is due to be denied.

On their motions to suppress, the defendants argued that the warrant was invalid and the resulting search unconstitutional because the warrant – obtained by a Saraland police officer after she was summoned to the scene by federal officers serving an arrest warrant on Crabtree – did not "particularly describe[e] the premises to be searched," as required by the Fourth Amendment. The Court agreed, since the record reflected that the warrant was executed at an apartment complex in Saraland even though the warrant authorized a search only of a house in Mount Vernon, some fifteen miles away. *United States v. Crabtree*, ___ F.Supp.3d ___, 2015 WL 128058 (S.D. Ala. 2015).

The government first re-asserts its reliance on *United States v. Weinstein*, 762 F.2d 1522 (11th Cir. 1985), and *United States v. Burke*, 784 F.2d 1090 (11th Cir. 1986). (Doc. 32 at 3-4). This argument, unamplified from that presented in

---

[1] Defendant Howard declined the opportunity to be heard. (Doc. 33).

opposition to the motions to suppress, fails for the same reasons the Court previously rejected it.

The government's principal argument is that the error in the warrant's description of the premises to be searched is immaterial because the affidavit on which the warrant was based:  (1) supplied the correct address; and (2) accompanied the executing officer to the premises.  (Doc. 32 at 3-5).  The government has presented the affidavit as an exhibit, and it does reflect the correct address.  (Doc. 32-1 at 1).  The government has not identified any evidence that the affidavit accompanied the executing officer to the premises but, because the defendant has not objected to the government's argument on this ground, (Doc. 39 at 2), the Court considers it.

"The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents."  *Groh v. Ramirez*, 540 U.S. 551, 557 (2004).  An affidavit, of course, is not a warrant but a supporting document.  Nevertheless, "[w]e do not say that the Fourth Amendment prohibits a warrant from cross-referencing other documents.  Indeed, most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant."  *Id.* at 557-58.  This makes sense, because in such circumstances the affidavit has effectively become a part of the warrant.  *E.g., United States v. Hurwitz*, 459 F.3d 463, 471 (4th Cir. 2006).

The warrant in this case, however, does not incorporate the affidavit.  The warrant states only that, "[a]ffidavit having been made before me …, which establishes probable cause to make the search herein designated," with the house in Mount Vernon then identified as the place to be searched.  (Doc. 13 at 7).  Such general language does not incorporate by reference the affidavit's description of the premises to be searched.  This is clear from *Groh* itself, where the warrant "recite[d] that the Magistrate was satisfied the affidavit established probable cause to believe that contraband was concealed on the premises, and that sufficient

2

grounds existed for the warrant's issuance," yet the Court ruled that "the warrant did not incorporate other documents by reference." 540 U.S. at 555, 558. As set forth in *United States v. Curry*, 911 F.2d 72 (8th Cir. 1990) – a case to which the *Groh* Court cited, 540 U.S. at 558 – "suitable words of reference incorporating [an] affidavit" are phrases such as "see attached affidavit" or "as described in the affidavit." 911 F.2d at 77 (internal quotes omitted); *accord United States v. Tracey*, 597 F.3d 140, 147-48 (3rd Cir. 2010) (incorporation must be "clear," using phrases such as "see Exhibit A sealed by Order of the Court" or "specified in the annexed affidavit") (internal quotes omitted). Nothing of the sort is present here.

Nor was the affidavit attached to the warrant. Even by the government's unsubstantiated assertion, the affidavit was merely in the possession of the executing officer. (Doc. 32 at 1).

Unable to demonstrate that the affidavit was part of the warrant under the test outlined above, the government asserts that an affidavit still can be used to cure a warrant's lack of particularity as long as the affidavit "was referenced in the warrant and brought to the search along with the search warrant." (Doc. 32 at 4). The cases on which the government relies for this proposition do not support it. The cited cases from outside this Circuit state at most that *either* incorporation by reference *or* attachment to the warrant suffices to permit review of an affidavit to clarify an ambiguous affidavit; none supports the proposition that *neither* incorporation *nor* attachment to the warrant is necessary. Cases from inside the Circuit likewise reflect that one or both are required.[2] Nor do any known Supreme

---

[2] *See United States v. Martinelli*, 454 F.3d 1300, 1308 (11th Cir. 2006) ("When affidavits are *attached to* a warrant, we will consider the affiant's statements in determining whether the warrant sufficiently identifies the crimes that were allegedly committed.") (emphasis added); *United States v. Pratt*, 438 F.3d 1264, 1270 n.8 (11th Cir. 2006) ("Search warrants can *incorporate by reference* the words of supporting documents if the documents are *attached to* the warrant.") (emphasis added); *United States v. Weinstein*, 762 F.2d 1522, 1531 (11th Cir.), *modified on other grounds*, 778 F.2d 673 (11th Cir. 1985) ("Clearly, an affidavit *incorporated into* a warrant by express reference *and attached* to and accompanying the warrant can cure ambiguity in the warrant itself.") (emphasis added); *United States v. Haydel*, 649 F.2d 1152, 1157 (5th Cir.), *modified on*

Court cases support the government's position.  *Groh* itself stated that, unless an affidavit was "at least incorporated by reference, *and* the affidavit present at the search," there could be no assurance that probable cause was found for seizing every item listed in the affidavit.  540 U.S. at 560 (emphasis added).

The only authority cited by the government that arguably supports its position even superficially is *United States v. Wuagneux*, 683 F.2d 1343 (11th Cir. 1982).  In *Wuagneux*, the Court resolved an ambiguity in the warrant by looking to an affidavit that was neither incorporated by reference into the warrant nor attached to the warrant.   The panel ruled that, though "this question is a difficult one," the requirement of incorporation by reference and/or attachment should be subject to a "more flexible approach" when the purposes of the particularity requirement (which it described as notice to the searchers and the persons whose property is searched as to the scope of the searchers' authority) are "adequately served."  According to the *Wuagneux* Court, bringing the affidavit to the search site, advising the searchers of the limits of the search, and giving them an opportunity to read the affidavit adequately served those purposes under the "peculiar facts of this case."  *Id*. at 1351 n.6.

The government has cited, and the Court has located, no appellate opinion reading *Wuagneux* for the proposition that neither incorporation by reference nor attachment to the warrant are required before relying on an affidavit to satisfy the Fourth Amendment's particularity requirement, so long as the affidavit is present at the search site.  On the contrary, the Court has located authorities reading *Wuagneux* consistently with the cases cited in note 2, *supra*.[3]  The government

---

*other grounds*, 664 F.2d 84 (5th Cir. 1981) ("[I]f the affidavit supporting the warrant is *attached to* the warrant when issued, the affidavit may be considered to clarify an ambiguity on the face of the warrant.") (emphasis added).

[3] *Weinstein*, 762 F.2d at 1531 (citing *Wuagneux* for the proposition that "an affidavit incorporated into a warrant by express reference and attached to and accompanying the warrant can cure ambiguity in the warrant itself"); *Battle v. Webb*, 298 Fed. Appx. 882, 884 (11th Cir. 2008) (citing *Wuagneux* for the proposition that, "[a]s this

itself relies on *Wuagneux* only for the proposition "that there is no requirement that the affidavit be *both* incorporated *and* present at the search, and … that an ambiguity in a warrant may be clarified by reference to the supporting affidavit *if the affidavit is attached*."  (Doc. 32 at 4 (emphasis added, internal quotes omitted)).

Even had the government attempted to stretch *Wuagneux* to excuse both lack of incorporation and lack of attachment, its effort would fail.  First, *Wuagneux* is by its terms limited to the "peculiar circumstances" presented therein, which the government has not shown – or attempted to show – are presented here.[4]  Second, and as noted above, the Eleventh Circuit cases acknowledging this portion of *Wuagneux* extract from it a contrary principle.

Most importantly, to the extent it can be read as permitting consideration of an affidavit to satisfy the particularity requirement absent either incorporation or attachment, *Wuagneux* is irreconcilable with *Groh*.  As noted, "[t]he Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents," 540 U.S. at 557, which necessarily precludes consideration of an affidavit unless it has become part of the warrant.  An affidavit that merely accompanies a warrant to the search site does not thereby become part of the warrant and thus cannot be considered.

---

court has held, a warrant may satisfy the requirements of the Fourth Amendment through incorporation").

[4] Among those circumstances is that the warrant used ambiguous language.  683 F.2d at 1350.  Here, in contrast, the warrant did not describe the place to be searched in ambiguous terms but in very clear terms limited the search to a house in Mount Vernon.  As the Court noted in its previous order, "[i]f an objective reading of the description contained on the face of the warrant did not fairly direct attention to the place actually searched, we would be compelled to hold the search illegal without further discussion[, as] [a]n insufficient warrant cannot be cured by the most detailed affidavit."  *Haydel*, 649 F.2d at 1157.  Because the warrant did not fairly direct attention to an apartment complex in Saraland, no unincorporated, unattached affidavit could be considered under even an expansive reading of *Wuagneux*.

The Eleventh Circuit has confirmed that, in light of *Groh*, "the contents of the search warrant itself, not the contents of the supporting documents, [footnote omitted] are scrutinized under the Fourth Amendment's particularity requirement." *United States v. Pratt*, 438  F.3d 1264, 1269-70 (11th Cir. 2006). While "[s]earch warrants can incorporate by reference the words of supporting documents if the documents are attached to the warrant," *id*. at 1269 n.8, absent such circumstances, "[w]e also agree with Pratt that a supporting affidavit, no matter how perfect, cannot save a facially defective warrant."  *Id*. at 1270.

For these reasons, the Court concludes that the motion to reconsider furnishes no grounds for altering the Court's determination that "the search of Howard's apartment was constitutionally unreasonable and in violation of the Fourth Amendment."  (Doc. 29 at 7).

The government previously argued that the evidence seized during the search should nevertheless be admitted under *United States v. Leon*, 468 U .S. 897 (1984), and its "good-faith" exception to the exclusionary rule.  The Court rejected the government's argument based on *Groh*, which held that a warrant describing the items to be seized as a particular house (which was actually the place of the search) did not describe the actual items to be seized "at all" and presented a "glaring deficiency" which "any reasonable police officer would have known was constitutionally fatal" on "even a cursory reading [or] perhaps just a simple glance," so as to fall outside of *Leon*.  540 U.S. at 554 n.2, 558, 561 n.4, 564-65. Here, the warrant similarly failed to describe the actual place to be searched at all and thus reflected a glaring deficiency that a simple glance would have revealed and that any reasonable officer would have known rendered the warrant constitutionally defective.  (Doc. 29 at 7-8).

The government did not previously acknowledge the relevance of *Groh*, and it still ignores that controlling case.  Instead, the government cites two cases from other Circuits, (Doc. 32 at 5-6), both of which involve much different facts and both of which pre-date *Groh*, rendering them inapposite.  The government's

only other attempt to revisit the Court's previous ruling is to note that courts may consider facts outside the affidavit when deciding a *Leon* issue.  (*Id*. at 5).  This may be so when the case involves a warrant issued without probable cause,[5] but not when it involves the particularity of the warrant in describing the place to be searched.

For these reasons, the Court concludes that the motion to reconsider furnishes no grounds for altering the Court's determination that the good-faith exception to the exclusionary rule does not apply.

Finally, the government introduces an argument completely absent from its brief in opposition to the defendants' motions to compel:  that some of the articles seized during the (unconstitutional) search are admissible under the "plain view" doctrine.  (Doc. 32 at 1-3).

"Of course, the burden of proving an exception to the warrant requirement lies with the Government."  *United States v. Holloway*, 290 F.3d 1331, 1338 (11th Cir. 2002); *accord United States v. McGough*, 412 F.3d 1232, 1237 n.4 (11th Cir. 2005).  While the government in its brief has related a version of what transpired incident to Crabtree's arrest and what was found where, when, and under what circumstances, it has presented no affidavit from the involved law enforcement officers reflecting such a history.  Moreover, the single piece of evidence the government has submitted – an inventory list – appears to be in tension with the government's version of events in several particulars.[6]  The government itself

---

[5] Such was the situation in *United States v. Martin*, 297 F.3d 1308 (11th Cir. 2002), the sole case on which the government relies.  *Id*. at 1318-20.

[6] According to the government's brief, a bag of methamphetamine ice and digital scales were observed in plain view "lying on the right hand side of the bathroom door." (Doc. 32 at 2).  According to the inventory sheet, the only places ice was discovered were a bedroom closet (in a shoe), under a mattress, in a purse, and in the master bedroom closet (in a shoebox).  According to the inventory sheet, the only places digital scales were discovered were in a purse, on a TV stand, and in the master bedroom closet (in a shoebox).  (Doc. 32-1 at 1).

suggests a hearing in order to present evidence from the officers, (Doc. 32 at 6), and the Court concurs that such a procedure is necessary in this case.

Crabtree suggests it does not matter whether any incriminating evidence was initially subject to seizure pursuant to the plain view doctrine, because no evidence was in fact seized under that rubric; instead, the federal officers waited until the Saraland officer returned with the warrant, and she then seized evidence pursuant to the warrant, not pursuant to the plain view doctrine.  (Doc. 39 at 1-2).  Crabtree cites no authority for the proposition that evidence subject to lawful seizure under the plain view doctrine ceases to be so subject once a warrant is obtained and executed.  To the extent the question depends on whether the initial search was concluded and whether the search pursuant to warrant constituted a second search or a continuation of the initial search,[7] its resolution must await the presentation of evidence at the hearing.

For the reasons set forth above, the government's motion for reconsideration is **denied** to the extent based on the constitutional adequacy of the warrant or on the good-faith exception to the exclusionary rule.  This matter is set for an evidentiary hearing on **February 23, 2015** at **2:00 p.m.** in Courtroom 2-A to receive evidence relevant to the government's plain-view argument.

DONE and ORDERED this 13th day of February, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

According to the government's brief, spoons with apparent drug residue, syringes and "other drug paraphernalia" were observed in plain view in "a closet without a door in the bathroom."  (Doc. 32 at 2).  According to the inventory sheet, the only items found in that location were spoons with residue and aluminum boats with residue.  (Doc. 32-1 at 1).

[7] *See generally United States v. Watchmaker*, 761 F.2d 1459, 1472-73 (11th Cir. 1985) (discussing a seizure made some time after law enforcement first saw the incriminating evidence in plain view).